**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NIKOLAI WEDEKIND, derivatively on behalf of COSTCO WHOLESALE CORPORATION, | Civil Action No. **2:18-cv-01777** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| HAMILTON E. JAMES, SUSAN DECKER, KENNETH D. DENMAN, RICHARD A. GALANTI, W. CRAIG JELINEK, RICHARD M. LIBENSON, JOHN W. MEISENBACH, CHARLES T. MUNGER, JEFFREY S. RAIKES, JOHN W. STANTON, and MARY AGNES WILDEROTTER, | **JURY TRIAL DEMANDED** |
| Defendants, | |
| and | |
| COSTCO WHOLESALE CORPORATION, | |
| Nominal Defendant. | |

<u>**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**</u>

1.  Plaintiff Nikolai Wedekind ("Plaintiff"), by and through his undersigned attorneys, hereby submits this Verified Shareholder Derivative Complaint (the "Complaint") for

VERIFIED SHAREHOLDER DERIVATIVE
COMPLAINT - 1-

the benefit of nominal defendant Costco Wholesale Corporation ("Costco" or the "Company") against certain current and/or former members of its Board of Directors (the "Board") and executive officers, seeking to remedy defendants' breaches of fiduciary duties and unjust enrichment.

## NATURE OF THE ACTION

2. According to its public filings, Costco engages in the operation of membership warehouses in the United States (U.S.) and Puerto Rico, Canada, United Kingdom (U.K.), Mexico, Japan, Korea, Australia, Spain, France, Iceland and through majority-owned subsidiaries in Taiwan. As of September 2, 2018, Costco operated 762 warehouses worldwide. Through the membership warehouses, Costco aims at offering low prices on a limited selection of national products in certain merchandise categories to produce high sales volumes and rapid inventory turnover.

3. On October 26, 2018, Costco filed a Form 10-K with the U.S. Securities and Exchange Commission ("SEC") announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended September 2, 2018 ("2018 10-K"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, Costco stated that "*We identified a material weakness in internal control related to ineffective information technology general controls (ITGCs) in the areas of user access and program change-management over certain information technology (IT) systems that support the Company's financial reporting processes*."

4. On this news, the price of the Company's common stock declined $8.21 from a close on October 25, 2018 at $226.40 per share of Costco common stock, to a close on October 26, 2018 at $218.19 per share of Costco common stock.

5. Accordingly, the Company has been damaged.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §

VERIFIED SHAREHOLDER DERIVATIVE
COMPLAINT - 2-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1332(a)(1) in that Plaintiffs and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a). This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

7. Venue is proper in this district because a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this district. One or more of the defendants either resides in or maintains executive offices in this district, and defendants have received substantial compensation in this district by engaging in numerous activities and conducting business here, which had an effect in this district.

## THE PARTIES

8. Plaintiff is a current shareholder of Costco and has continuously held Costco stock since 2010. Plaintiff is a citizen of Utah.

9. Nominal defendant is incorporated in Washington and maintains its principal offices located at 999 Lake Drive, Issaquah, WA 98027. Costco's common stock trades on the NasdaqGS under the ticker symbol "COST."

10. Defendant Hamilton E. James ("James") has served as a director of the Company since August 1988. James currently serves as the Chairman of the Board. Upon information and belief, James is a citizen of New York.

11. Defendant W. Craig Jelinek ("Jelinek") has served as the Company's Chief Executive Officer ("CEO"), President, and Director since February of 2010. Prior to being named to these positions, Jelinek held various senior management positions in Operations and Merchandizing since 1984, including the position of Executive Vice President and Chief Operations Officer since 2004. Upon information and belief, defendant Barton is a citizen of Washington.

**BADGLEY MULLINS TURNER PLLC**

19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

12. Defendant Susan Decker ("Decker") has served as a director of the Company since October 2004. Decker serves on the Board's Audit Committee. Upon information and belief, Decker is a citizen of California.

13. Defendant Kenneth Denman ("Denman") has served as a director of the Company since March 2017. Denman serves on the Board's Compensation Committee, along with its Audit Committee. Upon information and belief, Denman is a citizen of Colorado.

14. Defendant Richard A. Galanti ("Galanti") has served as Executive Vice President and Chief Financial Officer ("CFO") of the Company since October 1993, and a director of the Company since January 1995. In addition, Galanti was Senior Vice President, Chief Financial Officer and Treasurer of the Company from January 1985 to October 1993, having joined as Vice President-Finance in March 1984. Upon information and belief, Galanti is a citizen of Washington.

15. Defendant Richard Libenson ("Libenson") has served as a director of the Company since October 1993. Upon information and belief, Libenson is a citizen of California.

16. Defendant John W. Meisenbach ("Meisenbach") has served as a director of the Company since the Company's inception. Upon information and belief, Meisenbach is a citizen of Washington.

17. Defendant Charles T. Munger ("Munger") has served as a director of the Company since January 1997. Munger serves as the chairperson for the Board's Audit Committee, and as a member of the Compensation Committee. Munger is also the Board's financial expert. Upon information and belief, Munger is a citizen of Oregon.

18. Defendant Jeffrey S. Raikes ("Raikes") has served as a director of the Company since December 2008. Raikes serves as the chairperson for the Nominating and Governance Committee. Upon information and belief, Raikes is a citizen of Washington.

19. Defendant John W. Stanton ("Stanton") has served as a director of the Company since 2015. Stanton serves as the chairperson for the Board's Compensation Committee. Upon

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 4-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

information and belief, Stanton is a citizen of Washington.

20.     Defendant Mary Agnes Wilderotter ("Wilderotter") has served as a director of the Company since 2015. Wilderotter serves on the Board's Nominating and Governance Committee, along with the Compensation Committee.   Upon information and belief, Wilderotter is a citizen of Nevada.

21.     Collectively, defendants James, Decker, Denman, Galanti, Jelinek, Libenson, Meisenbach, Munger, Raikes, Stanton, and Wilderotter shall be referred to herein as the "Individual Defendants."

22.     Collectively, defendants Munger, Decker, and Denman shall be referred to herein as the "Audit Committee Defendants."

## DEFENDANTS' DUTIES

23.     By reason of their positions as officers, directors, and/or fiduciaries of Costco and because of their ability to control the business and corporate affairs of Costco, Defendants owed Costco and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were and are required to use their utmost ability to control and manage Costco in a fair, just, honest, and equitable manner.  Defendants were and are required to act in furtherance of the best interests of Costco and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.  Each director and officer of the Company owes to Costco and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

24.     Defendants, because of their positions of control and authority as directors and/or officers of Costco, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.  Because of their advisory, executive, managerial, and directorial positions with Costco, each of the Defendants had knowledge of material non-public information regarding the Company.

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 5-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

25. To discharge their duties, the officers and directors of Costco were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of Costco were required to, among other things:

  a. Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;

  b. Exercise good faith to ensure that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, and all contractual obligations, including acting only within the scope of its legal authority; and

  c. When put on notice of problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

26. Pursuant to the Audit Committee's Charter, the members of the Audit Committee are required to assist the Board in oversight of:

> Meet with management and the independent auditor to discuss the annual financial statements and the report of the independent auditor, and to discuss significant issues encountered in the course of the audit work, including: restrictions on the scope of activities; ***access to required information; the adequacy of internal financial controls***; the adequacy of the disclosure of off-balance sheet transactions, arrangements, obligations and relationships in reports filed with the SEC; and the appropriateness of the presentation of any non-GAAP financial measures included in any report filed with the SEC or in any public disclosure or release. Review and discuss with management and the independent auditor management's report on internal control over financial reporting and the independent auditor's audit concerning the Company's internal control over financial reporting and its attestation report prior to the filing of the Form 10-K.

## SUBSTANTIVE ALLEGATIONS

**A.** **Background of the Company**

27. According to its public filings, Costco engages in the operation of membership warehouses in the United States (U.S.) and Puerto Rico, Canada, United Kingdom (U.K.), Mexico, Japan, Korea, Australia, Spain, France, Iceland and through majority-owned subsidiaries in Taiwan. As of September 2, 2018, Costco operated 762 warehouses worldwide. Through the

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 6-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

membership warehouses, Costco aims at offering low prices on a limited selection of national products in certain merchandise categories to produce high sales volumes and rapid inventory turnover.

28. On October 18, 2017, Costco filed a Form 10-K with the SEC announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended September 3, 2017 ("2017 10-K"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, Costco stated in pertinent part:

> Item 1A—Risk Factors (Continued)
>
> * * *
>
> We rely extensively on information technology to process transactions, compile results, and manage our businesses. Failure or disruption of our primary and back-up systems could adversely affect our businesses. A failure to adequately update our existing systems and implement new systems could harm our businesses and adversely affect our results of operations.
>
> Given the very high volume of transactions we process each year it is important that we maintain uninterrupted operation of our business-critical computer systems. Our systems, including our back-up systems, are subject to damage or interruption from power outages, computer and telecommunications failures, computer viruses, internal or external security breaches, catastrophic events such as fires, earthquakes, tornadoes and hurricanes, and errors by our employees. If our systems are damaged or cease to function properly, we may have to make significant investments to fix or replace them, and we may suffer interruptions in our operations in the interim. Any material interruption in these systems could have a material adverse effect on our business and results of operations.
>
> * * *
>
> *If we do not maintain the privacy and security of member related and other business information, we could damage our reputation with members, incur substantial additional costs, and become subject to litigation.*
>
> We receive, retain, and transmit personal information about our members and entrust that information to third-party business associates, including cloud service providers that perform activities for us. Our warehouse and online businesses depend upon the secure transmission of encrypted confidential information over public networks, including information permitting cashless payments. A compromise of our security systems or those of our business associates, that results
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 7-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

in our members' information being obtained by unauthorized persons, could adversely affect our reputation with our members and others, as well as our operations, results of operations, financial condition and liquidity, and could result in litigation against us or the imposition of penalties. In addition, a breach could require that we expend significant additional resources related to the security of information systems and could disrupt our operations.

The use of data by our business and our business associates is regulated at the national and state or local level in all of our operating countries. Privacy and information-security laws and regulations change, and compliance with them may result in cost increases due to necessary systems changes and the development of new processes. If we or those with whom we share information fail to comply with these laws and regulations, our reputation could be damaged, possibly resulting in lost future business, and we could be subjected to additional legal risk as a result of noncompliance.

***Our security measures may be undermined due to the actions of outside parties, employee error, internal or external malfeasance, or otherwise, and, as a result an unauthorized party may obtain access to our data systems and misappropriate business and personal information***. Because the techniques used to obtain unauthorized access, disable or degrade service, or sabotage systems change frequently and may not immediately produce signs of intrusion, we may be unable to anticipate these techniques, timely discover or counter them, or implement adequate preventative measures. Any such breach or unauthorized access could result in significant legal and financial exposure, damage to our reputation, and potentially have an adverse effect on our business.

(Emphasis added)

29.     Regarding disclosure controls and procedures, Costco stated in relevant part:

Item 9A—Controls and Procedures

**Disclosure Controls and Procedures**

As of the end of the period covered by this Annual Report on Form 10-K, we performed an evaluation under the supervision and with the participation of management, including our Chief Executive Officer and Chief Financial Officer, of our disclosure controls and procedures (as defined in Rules 13a-15(e) or 15d-15(e) under the Securities and Exchange Act of 1934 (the Exchange Act)). ***Based upon that evaluation, our Chief Executive Officer and Chief Financial Officer***

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 8-

**BADGLEY MULLINS TURNER PLLC**

19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

> *concluded that, as of the end of the period covered by this Annual Report, our disclosure controls and procedures are effective.*
>
> There has been no change in our internal control over financial reporting (as defined in Rules 13a-15(f) or 15d-15(f) of the Exchange Act) during our fiscal quarter ended September 3, 2017, that has materially affected or is reasonably likely to materially affect our internal control over financial reporting.

30.     On June 6, 2018 after the market close, Costco filed a Form 10-Q with the SEC announcing the Company's financial and operating results for the third fiscal quarter and nine months ended May 13, 2018 ("Q3 2018 10-Q"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, the Company stated in relevant part:

> Item 4—Controls and Procedures (Continued)
>
> Chief Financial Officer, of our disclosure controls and procedures (as defined in Rules 13a-15(e) and 15d-15(e) under the Securities and Exchange Act of 1934 (the Exchange Act)). ***Based upon that evaluation, our Chief Executive Officer and Chief Financial Officer concluded that, as of the end of the period covered by this Quarterly Report, our disclosure controls and procedures are effective***.
>
> There have been no changes in our internal control over financial reporting (as defined in Rules 13a-15(f) or 15d-15(f) of the Exchange Act) during our most recently completed fiscal quarter that have materially affected or are reasonably likely to materially affect our internal control over financial reporting.
>
> * * *
>
> Item 1A—Risk Factors
>
> In addition to the other information set forth in the Quarterly Report on Form 10-Q, you should carefully consider the factors discussed in Part I, Item 1A, "Risk Factors" in our Annual Report on Form 10-K, for the fiscal year ended September 3, 2017. ***There have been no material changes in our risk factors from those disclosed in our Annual Report on Form 10-K***.

(Emphasis added).

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 9-

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

31.     These misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants failed to disclose that: (i) Costco lacked effective internal control over financial reporting; (ii) as a result of the foregoing, Defendants' statements about Costco's business, operations, and prospects were false and misleading, and/or lacked a reasonable basis.

**B.  The Truth Emerges**

32.     On October 4, 2018, Costco issued a press release, also attached as exhibit 99.1 to the Form 8-K filed with the SEC announcing the Company's financial and operating results for the fourth fiscal quarter and fiscal year ended September 2, 2018 ("FY 2018 Press Release"). Therein, Costco stated in relevant part:

> COSTCO WHOLESALE CORPORATION REPORTS FOURTH QUARTER AND FISCAL YEAR 2018 OPERATING RESULTS
>
> ISSAQUAH, Wash., October 4, 2018—Costco Wholesale Corporation ("Costco" or the "Company") (Nasdaq: COST) today announced its operating results for the 16-week fourth quarter and the 52-week fiscal year ended September 2, 2018.
>
> Net sales for the 16-week fourth quarter were $43.4 billion, an increase of 5.0 percent from $41.4 billion in the 17-week fourth quarter last year. Net sales for the 52-week fiscal year were $138.4 billion, an increase of 9.7 percent from $126.2 billion in the 53-week fiscal year of 2017.
>
> * * *
>
> *While the Company is still completing its assessment of the effectiveness of its internal control over financial reporting as of September 2, 2018, in its upcoming fiscal 2018 Annual Report on Form 10-K, it expects to report a material weakness in internal control. The weakness relates to general information technology controls in the areas of user access and program change management over certain information technology systems that support the Company's financial reporting processes. The access issues relate to the extent of privileges afforded users authorized to access company systems*. As of the date of this release, there have been no misstatements identified in the financial statements as a result of these deficiencies, and the Company expects to timely file its Form 10-K. Remediation

VERIFIED SHAREHOLDER DERIVATIVE
COMPLAINT - 10-

**BADGLEY MULLINS TURNER PLLC**

19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

efforts have begun; the material weakness will not be considered remediated until the applicable controls operate for a sufficient period of time and management has concluded, through testing, that these controls are operating effectively. The Company expects that the remediation of this material weakness will be completed prior to the end of fiscal year 2019.

33. In an earnings call later that same day, when prompted by an analyst question defendant Galanti elaborated on the process of remediation efforts, emphasizing certain uncertainties. Therein, defendant Galanti stated in relevant part:

> Well, keep in mind, first of all, that we feel comfortable, and we feel that our -- ultimately, our auditors feel comfortable. We wouldn't have expressed the level of comfort we did in the press release about the time that there's no mistake [there's the timing that] we filed on time, including the K. The issues had to do with internal user access, so people within IT or contractors and when somebody who may have had access to something they should have and sometimes that they -- once they should have had that access relieved, it took a little too long to do so. So the controls weren't in place. We should have done a better job. ***We went back as far as we could and looked back as far as we could in some systems for the entire fiscal year, which is what you want to do. In some of the newer systems, there was no look back ability for certain things. I can tell you with all the look backs that we have done and then our outside help has done has found no issues whatsoever in terms of misstatements or breaches. So that's what we can tell you. But we can't be more positive than that*** until we release the 10-K. And as -- and so I don't want to belittle it. We should have -- it should have been fixed, but it was internal to us, not external. And we'll go from there.

34. On this news, the price of the Company's common stock declined $12.86 from a close on October 4, 2018 at $231.68 per share of Costco common stock, to a close on October 5, 2018 at $218.82 per share of Costco common stock.

35. On October 26, 2018, Costco filed a Form 10-K with the SEC announcing the Company's financial and operating results for the fiscal fourth quarter and fiscal year ended September 2, 2018 ("2018 10-K"), which was signed and certified under the Sarbanes-Oxley Act of 2002 by the Individual Defendants. Therein, Costco stated in pertinent part:

> ***We identified a material weakness in internal control related to ineffective information technology general controls (ITGCs) in the areas of user access and***

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 11-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

*program change-management over certain information technology (IT) systems that support the Company's financial reporting processes.* Our business process controls (automated and manual) that are dependent on the affected ITGCs were also deemed ineffective because they could have been adversely impacted. We believe that these control deficiencies were a result of: IT control processes lacking sufficient documentation such that the successful operation of ITGCs was overly dependent upon knowledge and actions of certain individuals with IT expertise, which led to failures resulting from changes in IT personnel; insufficient training of IT personnel on the importance of ITGCs; and risk-assessment processes inadequate to identify and assess changes in IT environments that could impact internal control over financial reporting. The material weakness did not result in any identified misstatements to the financial statements, and there were no changes to previously released financial results. *Based on this material weakness, the Company's management concluded that at September 2, 2018, the Company's internal control over financial reporting was not effective*.

36. On this news, the price of the Company's common stock declined $8.21 from a close on October 25, 2018 at $226.40 per share of Costco common stock, to a close on October 26, 2018 at $218.19 per share of Costco common stock.

## DERIVATIVE AND DEMAND ALLEGATIONS

37. Plaintiff brings this action derivatively in the right and for the benefit of Costco to redress the breaches of fiduciary duty and other violations of law by Defendants.

38. Plaintiff will adequately and fairly represent the interests of Costco and its shareholders in enforcing and prosecuting its rights.

39. The Board currently consists of the following eleven (11) directors: defendants James, Decker, Denman, Galanti, Jelinek, Libenson, Meisenbach, Munger, Raikes, Stanton, and Wilderotter. Plaintiff has not made any demand on the present Board to institute this action because such a demand would be a futile, wasteful and useless act, for the following reasons:

    a. The principal professional occupations of defendants Jelinek and Galanti are their employment with Costco as its CEO and CFO respectively, pursuant to which they have received and continues to receive substantial monetary compensation and other benefits;

    b. According to the Company's December 15, 2017 Proxy Statement (the "2017 Proxy") the Board has determined that defendants Galanti, Jelinek, Libenson,

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 12-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

and Meisenbach are not independent directors within the meaning of NASDAQ rules because they have a relationship that would interfere with the exercise of their independent judgment in carrying out the responsibilities of a director; and

c. The Audit Committee Defendants (Munger, Decker, Denman) each face a substantial likelihood of liability for their failure to take steps to ensure the Company's regulatory compliance. The Audit Committee Charter specifically charges the members of the Audit Committee with ensuring the Company's compliance with legal and regulatory requirements, and the Audit Committee Defendants violated their duties of loyalty and good faith by failing to take adequate steps to ensure such compliance.

### COUNT I
### AGAINST ALL DEFENDANTS FOR BREACH OF FIDUCIARY DUTY FOR DISSEMINATING INACCURATE INFORMATION

40. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

41. As alleged in detail herein, each of the Defendants had a duty to ensure that Costco disseminated accurate, truthful and complete information to its shareholders.

42. Defendants violated their fiduciary duties of loyalty and good faith by causing or allowing the Company to disseminate to Costco shareholders materially misleading and inaccurate information through, *inter alia*, SEC filings, press releases, conference calls, and other public statements and disclosures as detailed herein. These actions could not have been a good faith exercise of prudent business judgment.

43. As a direct and proximate result of Defendants' foregoing breaches of fiduciary duties, the Company has suffered significant damages, as alleged herein.

### COUNT II
### AGAINST ALL DEFENDANTS FOR BREACH OF FIDUCIARY DUTIES FOR FAILING TO MAINTAIN INTERNAL CONTROLS

44. Plaintiff incorporates by references all preceding and subsequent paragraphs as if fully set forth herein.

45. As alleged herein, each of the Defendants (and particularly the Audit Committee Defendants) had a fiduciary duty to, among other things, exercise good faith to ensure the Company's compliance with legal and regulatory requirements, and, when put on notice of

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 13-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

46. As a direct and proximate result of the Defendants' foregoing breaches of fiduciary duties, the Company has sustained damages.

## COUNT III
## AGAINST ALL DEFENDANTS FOR UNJUST ENRICHMENT

47. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

48. By their wrongful acts and omissions, Defendants were unjustly enriched at the expense of and to the detriment of Costco.

49. Plaintiff, as a shareholder and representative of Costco, seeks restitution from Defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants, and each of them, as a result of their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Against all Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties;

B. Directing Costco to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect the Company and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote resolutions for amendments to the Company's By-Laws or Articles of Incorporation and taking such other action as may be necessary to place before shareholders for a vote a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board;

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 14-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

C. Awarding to Costco restitution from Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by Defendants;

D. Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

E. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED this 11th day of December, 2018.

*s/ Duncan C. Turner*
DUNCAN C. TURNER, WSBA No. 20597
BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, STE #200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email:    duncanturner@badgleymullins.com
*Liaison Counsel for Plaintiff*

THE WEISER LAW FIRM, P.C.

ROBERT B. WEISER *(Pro Hac Vice Pending)*
BRETT D. STECKER *(Pro Hac Vice Pending)*
JAMES M. FICARO *(Pro Hac Vice Pending)*
22 Cassatt Avenue
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062
Email:    rw@weiserlawfirm.com
          bds@weiserlawfirm.com
          jmf@weiserlawfirm.com
*Counsels for Plaintiff*

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT - 15-

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686